UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-02509-WFJ-AEP

TONY PADGETT,

    Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

    Defendant.
_____/

## Joint Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 1/5/2022. **Frank T. Papa, Esquire for Plaintiff, and Ernest H. Kohlmyer, III, Esquire for Defendant** attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/26/2022 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/7/2022 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 5/24/2022 |
| Defendant's deadline for disclosing any expert report. | 6/23/2022 |
| Deadline for disclosing any rebuttal expert report. | 7/11/2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/23/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | NA |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/7/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>**Mediator: James Betts**<br>**Address: Musetta & Associates**<br>**201 N. Franklin St. Suite 3400**<br>**Tampa, FL, 33602**<br>**Telephone:(813) 254-3302** | 8/16/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 1/23/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 1/9/2023 |

| | |
|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | If needed, to be set by Court |
| Month and year of the trial term. | 3/17/2023 |

The trial will last approximately 2-3 days and will be

☒  jury.

☐  non-jury.

3. **Description of the Action**

   **A. Plaintiff's Claim**

   Plaintiff asserts that during the course of debt collection related to medical services, Defendant violated 15 U.S.C. §§ 1692(d) and 1692(e)(10) of the FDCPA; 559.72(7) of the FCCPA; and 47 U.S.C § 227(b)(1)(A)(iii) of the TCPA.

   Specifically, Plaintiff avers that he received phone calls from Defendant wherein Defendant failed to identify itself, wherein Plaintiff informed Defendant that he did not provide his telephone number to the hospital, and wherein Plaintiff requested that Defendant cease phone calls to his cellular phone number. Additionally, Plaintiff alleges that Defendant continued to call him from December 29, 2020 to March 16, 2021 and left numerous prerecorded messages utilizing an automated dialing system. Plaintiff further alleges that he sent Defendant two letters to advise that he never provided his telephone number to the hospital or ambulance service, that he never consented to

3

receive calls on his cellular telephone, and that he had previously requested that Defendant cease all calls to his telephone number. Plaintiff asserts that he continued to receive telephone calls after requesting that the calls cease.

As such, Plaintiff asserts that Defendant engaged in conduct the natural consequences of which is to harass, oppress, or abuse him in connection with the subject debt; used false and deceptive means to collect the subject debt; and that Defendant's contact with Plaintiff was harassing and abusive. Consequently, Plaintiff is seeking statutory damages and damages related to periodic loss of his cellular phone services.

## B. Defendant's Defenses [DE 9]

Defendant has asserted that it did not violate the FDCPA, FCCPA, or the TCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses included but not limited to: (1) that Defendant is not liable for the alleged actions of third parties and/or employees, agents, or principles; (2) claims and allegations for more than one year prior to the filing of the complaint are barred by the statute of limitations under the FDCPA; (3) FDCPA's *bona fide* error defense; (4) Defendant lacks the requisite intent under the FDCPA and the FCCPA; (5) any recovery awarded should be reduced for Plaintiff's failure to mitigate damages; (6) Any alleged violation of the TCPA, which Defendant denies occurred, was not intentional; (7) claims and allegations for more than four years prior to the filing of the complaint are

4

barred by the statute of limitations under the TCPA; (8) the telephone equipment utilized by the Defendant is not an "Automatic Telephone Dialing System" ; (9) FCCPA's *bona fide* error defense; (10) Defendant had prior express consent to communicate with the Plaintiff; (11) Plaintiff failed to provide adequate revocation of consent; and (12) the alleged call frequency is protected by the "safe harbor" provision under Regulation F.

4. **Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

    The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

5

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects: Whether Defendant intentionally, willfully, or knowingly violated the FDCPA, and the FCCPA; If Defendant violated the FDCPA and FCCPA, the frequency and persistence of the violations; If Defendant violated the FDCPA and

FCCPA, whether it did so notwithstanding the maintenance of procedures reasonably adapted to avoid such error; Plaintiff's Article III standing under the FDCPA, and Plaintiff's alleged damages and injuries. Whether Defendant violated the TCPA; whether it utilized an ATDS to contact the Plaintiff; If Defendant violated the TCPA, whether it did so willfully, maliciously, and/or intentionally; whether Plaintiff provided express consent to be contacted by Defendant; and whether Plaintiff properly revoked consent.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

7

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Respectfully submitted,

| | |
|---|---|
| /s/ *Frank T. Papa* | */s/ Ernest H. Kohlmyer* |
| Frank T. Papa, Esquire | Ernest H. Kohlmyer, III, Esq., LL.M. |
| Florida Bar No. 150355 | Florida Bar No. 110108 |
| fpapa@robertgellerlaw.com | skohlmyer@shepardfirm.com |
| Law Offices of Robert M. Geller, P.A. | Shepard, Smith, Kohlmyer & Hand, P.A. |
| 807 West Azeele Street | 2300 Maitland Center Parkway, Suite 100 |
| Tampa, Florida 33606 | Maitland, FL 32751 |
| Phone: (813) 254-5696 | Telephone (407) 622-1772 |
| Facsimile: (813) 253-3405 | Facsimile (407) 622-1884 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 6, 2022**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Frank T. Papa, Esquire at fpapa@robertgellerlaw.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
service@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC*